UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAXFUL, INC., <br><br> Plaintiff, <br><br> -against- <br><br> ANDREI LUKKONEN, <br><br> Defendant. | Index No. _____ <br><br> **COMPLAINT** |

Paxful, Inc. ("Paxful") is the plaintiff.  It files this complaint against the defendant, Andrei Lukkonen ("Lukkonen").

## INTRODUCTION

1. Lukkonen has failed to repay profit share payments that he received from Paxful in excess of the actual profit share amounts to which he was entitled.  Quasi-contractual claims for restitution are implicated.

2. Paxful is one of the largest and most innovative cryptocurrency marketplaces in the world.  Millions of registered users around the globe buy, sell, and transfer Bitcoin and other digital currencies through Paxful's website and mobile applications.

3. Lukkonen was a former employee of Paxful or its affiliates in key development roles.  He was well compensated and received substantial stock options.

4. Paxful and Lukkonen agreed that he would be entitled to receive a percentage share of Paxful's net profits.  Paxful complied with its obligations under this agreement.

5. In 2020, Paxful discovered that it had mistakenly made excessive profit share payments to Lukkonen, in the total excess amount of $130,871.43.

6. Paxful seeks repayment of the excess profit share payments through claims for unjust enrichment, payment by mistake, and money had and received.

## THE PARTIES

7. Paxful is a corporation organized under the laws of Delaware, with its principal place of business in New York, New York.

8. Upon information and belief, Lukkonnen resides in Tallinn, Estonia. Lukkonen is a former employee of Paxful or its affiliates.

## JURISDICTION

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Paxful is a Delaware corporation with its principal place of business in New York City, and Lukkonen is a citizen of the Republic of Estonia. Therefore, complete diversity of citizenship exists. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

10. Venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

11. This Court has jurisdiction over Lukkonen by virtue of his purposeful activities in New York and the substantial relationship between the excess profit payments at issue and the claims asserted in this action.

## FACTUAL ALLEGATIONS

**Paxful's Business & Lukkonen's Role**

12. Paxful is a leader in the cryptocurrency industry. Its website and mobile applications provide a marketplace for the purchase and sale of Bitcoin and other digital currencies.

13. Lukkonen was a key employee of Paxful or its affiliates, in the roles of Head Web Developer and then Head of Back-End Development.

14. Lukkonen was well compensated at Paxful or its affiliates, and received substantial stock options.

**The Paxful-Lukkonen Profit Sharing Agreement, and
Lukkonen's Failure to Repay Excess Profit Payments**

15. In approximately 2016, Paxful and Lukkonen agreed that Paxful would pay Lukkonen profit payments equal to 1% of Paxful's net profits for each Paxful fiscal year (the "Profit Sharing Agreement").  "Net profits" meant the net operating income of Paxful and its affiliates, determined by GAAP on a consolidated basis.

16. Under the Profit Sharing Agreement, Paxful made profit share payments to Lukkonen.

17. Paxful made the profit share payments on a monthly basis, mainly if not entirely through Bitcoin transfers to Lukkonen.  Paxful determined the amount of the monthly payments using reasonable estimates of its expected net profits.

18. Paxful made many of the profit share payments from its Finance Department in New York City.  Lukkonen had multiple calls, meetings, and electronic communications about his profit share payments with Paxful executives or Finance Department employees when those executives and employees were in New York City.

19. Over the course of the three fiscal years from January 2017 through December 2019, Paxful reasonably estimated the profit payments to Lukkonen at an aggregate total of $254,786.  Based on those reasonable estimates, Paxful paid to Lukkonen that same total amount.

20. Based on a later review of audited financial statements, however, Paxful

determined that its actual net profits for the three fiscal years were lower than the amount it had estimated.  Paxful also determined that, as a result, its estimated profit share payments to Lukkonen exceeded the true profit share payments to which the Profit Sharing Agreement entitled him.  The total of the excess payments over the three fiscal years was $130,871.43 (the "Excess Profit Payments").

21. By letter dated November 5, 2020, Paxful notified Lukkonen of its determinations, informed him that he had been unjustly enriched at Paxful's expense, and demanded that he repay the Excess Profit Payments by no later than December 31, 2020.

22. To date, Lukkonen has failed and refused to repay the Excess Profit Payments.

**FIRST CAUSE OF ACTION**
**(Unjust Enrichment)**

23. Paxful repeats and realleges the allegations set forth in paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. A benefit has been conferred on Lukkonen by and at the expense of Paxful, in the form of the Excess Profit Payments.  Under the circumstances of this case, it would be inequitable and against good conscience for Lukkonen to retain such benefit without payment of value.

25. As a result of the conduct described above, Lukkonen has been and will be unjustly enriched at the expense of Paxful.

26. Lukkonen is accordingly liable to Paxful for unjust enrichment and should be required to disgorge his unjust enrichment, in the amount of the Excess Profit Payments, i.e., $130,871.43, together with accruing pre-judgment interest.

## SECOND CAUSE OF ACTION
**(Payment by Mistake)**

27. Paxful repeats and realleges the allegations set forth in paragraphs 1 through 26 of this Complaint as if they were fully set forth herein.

28. Paxful made the Excess Profit Payments to Lukkonen as a result of a mistaken apprehension of fact in its calculations of expected net profits.

29. Lukkonen derived a benefit as a result of this mistake.

30. Equity demands restitution by Lukkonen to Paxful.

31. Lukkonen is therefore liable to Paxful for repayment of the Excess Profit Payments, under Paxful's mistake of fact, in the amount of $130,871.43, together with accruing pre-judgment interest.

## THIRD CAUSE OF ACTION
**(Money Had and Received)**

32. Paxful repeats and realleges the allegations set forth in paragraphs 1 through 31 of this Complaint as if they were fully set forth herein.

33. The Excess Profit Payments received by Lukkonen were wrongfully distributed by Paxful; in actuality, the money belonged to Paxful, not to Lukkonen.

34. Lukkonen benefited from his receipt of the Excess Profit Payments.

35. Under principles of equity and good conscience, Lukkonen should not be permitted to keep the Excess Profit Payments, and Paxful is entitled to recover that amount.

36. Accordingly, Lukkonen is liable to Paxful for money had and received, and should be required to repay to Paxful all monies rightfully belonging to it, in the total amount of $130,871.43, together with accruing pre-judgment interest.

## DEMAND FOR RELIEF

WHEREFORE, Paxful respectfully requests that the Court enter judgment as follows:

1. Awarding damages on the First, Second, and Third Causes of Action, against Lukkonen and in favor of Paxful, in the amount of $130,871.43, together with accruing pre-judgment interest at the statutory rate of 9% per annum until the date of entry of judgment; and

2. Awarding Paxful such other and further relief as may be appropriate.

Dated: New York, New York
April 15, 2021

                        BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP

                        */s/ Gregory P. Feit*
                        By: _____
                            Zeb Landsman
                            Gregory P. Feit
                        299 Park Avenue
                        New York, New York 10171
                        (212) 888-3033
                        zlandsman@beckerglynn.com
                        gfeit@beckerglynn.com

                        *Attorneys for Plaintiff Paxful, Inc.*