UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAXFUL, INC.,                                    Case No. 21-cv-3330 (PGG)

                              Plaintiff,

              -against-

ANDREI LUKKONEN,

                              Defendant.

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION
TO DISMISS THE COMPLAINT**

Gleb Zaslavsky, Esq.
Khurdayan PLLC
*Counsel for the Defendant*
60 Broad Street, 24th Floor
New York, NY 10004
917-210-1066
gleb@kstechlaw.com

January 31, 2022

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 3

ARGUMENT ............................................................................................................................ 3

    A.    THIS ACTION SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.... 3

    B.    THIS ACTION SHOULD BE DISMISSED UNDER THE DOCTRINE OF FORUM NON CONVENIENS AND PURSUANT TO THE CONTRACTUAL FORUM SELECTION CLAUSE ..... 7

    C.    THIS ACTION SHOULD BE DISMISSED FOR PLAINTIFF'S FAILURE TO STATE A PLAUSIBLE CLAIM ................................................................................................... 9

        a...... Plaintiff Made Voluntary Payments to Mr. Lukkonen with No Mistake of Material Fact or Law ................................................................................................... 10

        b. Plaintiff's Unjust Enrichment and Money Had and Received Claims are Deficient as a Matter of Law ................................................................................................... 11

    D.    THIS ACTION SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION ................................................................................................... 13

CONCLUSION ................................................................................................... 14

# **TABLE OF AUTHORITIES**

## Cases

*150 E. 58th St. Partners, L.P. v Wilkhahn Wilkening & Hahn GmbH & Co.*,
    97 CIV. 4262 (SHS), 1998 WL 65992 (SDNY Feb. 17, 1998)……………………………9

*839 Cliffside Ave. LLC v. Deutsche Bank Nat'l Tr. Co. for First Franklin Mortg. Loan Tr. 2006-FF3 Mortg. Pass-Through Certificates, Series 2006-FF3*,
    No. 15-CV-4516 (SIL), 2018 WL 4608198 (E.D.N.Y. Sept. 25, 2018)…………………11

*Ahmed v. Purcell*,
    No. 14 Civ. 7941, 2016 WL 1064610 (S.D.N.Y. Mar. 14, 2016)………………………...4

*Am. Std., Inc. v Oakfabco, Inc.*,
    498 F Supp 2d 711 (SDNY 2007)……………………………………………………...13

*Bensusan Restaurant Corp. v. King*,
    126 F.3d 25 (2d Cir. 1997)…………………………………………. ……………….……3

*Best Van Lines, Inc. v. Walker*,
    490 F.3d 239 (2d Cir. 2007)………………………………………………………...…3

*BPP Wealth, Inc. v. Weiser Capital Mgmt., LLC*,
    623 F. App'x 7 2d Cir. 2015)………………………………………………………..10

*Brown v. Lockheed Martin Corp.*,
    814 F.3d 619 (2d Cir. 2016)…………………………………………………………4

*Carlson v. Cuevas*,
    932 F. Supp. 76 (S.D.N.Y. 1996)………...……………………………………………6

*Chirag v. MT Marida Marguerite Schiffahrts*,
    604 F. App'x 16 (2d Cir. 2015)………………………………………………...8

*Clark–Fitzpatrick, Inc. v. Long Is. R.R. Co.*,
    70 N.Y.2d 382 (1987)…………………………………………………………12

*Cohen v. BMW Investments L.P.*,
    144 F Supp 3d 492 (SDNY 2015), *affd*, 668 Fed Appx 373 (2d Cir 2016)…….……...13

*Copeland v. Life Sci. Technolgies, Ltd.*,
    No. 97 CIV. 0456 (SHS), 1997 WL 716915 (S.D.N.Y. Nov. 17, 1997)……………..……5

*Daimler AG v. Bauman,*
    134 S. Ct. 746 (2014)………………………………………………………………...4

*Dillon v. U-A Columbia Cablevision of Westchester, Inc.,*
    100 NY2d 525 (2003)……………………………………………………………………10

*Direct Mail Prod. Servs. Ltd. v. MBNA Corp.,*
    No. 99 CIV. 10550 (SHS), 2000 WL 1277597 (S.D.N.Y. Sept. 7, 2000)…………..…….8

*Francisco v. United States,*
    115 F. Supp. 3d 416 (S.D.N.Y. 2015)……………………………………….……..11

*Golden Pac. Bancorp. v. Fed. Deposit Ins. Corp.,*
    273 F.3d 509 (2d Cir. 2001)……………………………………………………………...12

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
    564 U.S. 915 (2011)………………………………………………………….………4

*Guerrini v. Atmel Corp.,*
    No. 15-2664, 2016 WL 3548238 (2d. June 27, 2016)………………………...……..7

*Hearst Corp. v. Goldberger,*
    No. 96 CIV. 3620 PKL AJP, 1997 WL 97097 (S.D.N.Y. Feb. 26, 1997)…………..…….6

*Iragorri v. United Techs. Corp.,*
    274 F.3d 65 (2d Cir. 2001)…………………………………………………..…….…7

*In re Aluminum Warehousing Antitrust Litig.,*
    Nos. 13-md-2481, 14-cv-3116, 2015 WL 6472656 (S.D.N.Y. Oct. 23, 2015)……………5

*In re Parmalat Sec. Litig.,*
    376 F. Supp. 2d 449 (S.D.N.Y. 2005)……………………………………………....…4

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
    511 U.S. 375 (1994)…………………………………………………………………4

*Leder v. Am. Traffic Sols., Inc.,*
    630 F. App'x 61 (2d Cir. 2015)……………………………………………………...11

*Lebovits v. Bassman,*
    120 A.D.3d 1198 (2d Dept. 2014)……………………………………………………..12

*MacIntyre v Moore,*
    335 F Supp 3d 402 (WDNY 2018)……………………………………………………12

*Madison Capital Markets, LLC, v. Starneth Europe B.V.*,
 No. 15 Civ. 7213, 2016 WL 4484251 (S.D.N.Y. Aug. 23, 2016)……………………………4

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*,
 84 F.3d 560 (2d Cir. 1996), *cert. denied*, 519 U.S. 1006 (1996)………………………3, 4

*Niv v. Hilton Hotels Corp.*,
 710 F. Supp. 2d 328 (S.D.N.Y. 2008)……………………………………………..……7

*ONY, Inc. v. Cornerstone Therapeutics, Inc.*,
 720 F.3d 490 (2d Cir. 2013)………………………………….……………………..10

*Piper Aircraft Co. v. Reyno*,
 454 U.S. 235 (1981)…………………………………………………………..…...7

*RIGroup LLC v. Trefonisco Mgm. Ltd.*,
 949 F. Supp. 2d 546 (S.D.N.Y. 2013), *aff'd at* 559 F. App'x 58 (2d Cir. 2014)………...9

*Reives v. Lumpkin*,
 No. 08 CIV. 7797 CM, 2012 WL 2045854 (S.D.N.Y. June 4, 2012)……………..……...11

*Robinson v. Overseas Military Sales Corp.*,
 21 F.3d 502 (2d Cir. 1994)……………………………………………………..……3

*Salahuddin v. Jones*,
 992 F.2d 447 (2d Cir. 1993)……………………………………………….………... 2

*Singh v. G.k.*,
 No. 15-cv- 05372, 2016 WL 3181149 (S.D.N.Y. June 2, 2016)…………...……………..5

*Sullivan v. Barclays PLC*,
 No. 13-CV-2811 (PKC), 2017 WL 685570 (S.D.N.Y. Feb. 21, 2017)………...……..…10

*Thackurdeen v. Duke Univ.*,
 No. 15-3082-cv, 2016 WL 4578662 (2d Cir. Sept. 1, 2016)………………...…………4

*Wenzel v. Marriott Intern., Inc.*,
 629 F. App'x 122 (2d Cir. 2015)……………………………………………….………9

*Wurtz v Rawlings Co., LLC*,
 12CV1182JMAAKT, 2016 WL 7174674 (EDNY Nov. 17, 2016)………………...…10, 11

**Statutes**

Fed. R. Civ. P. 12(b)(2)………………………………………………………………………3

Fed. R. Civ. P. 12(b)(6)……………………………………………………………...9, 10

G.O.L. § 5-701……………………………………..……………………….............12

Defendant Andrei Lukkonen ("Mr. Lukkonen" or "Defendant") submits this Memorandum of Law in support of his Motion to Dismiss the Complaint in this action based on a lack of personal jurisdiction, the doctrine of *forum non conveniens*, failure to state a claim, as well as for lack of subject matter jurisdiction.

## PRELIMINARY STATEMENT

This action arises out of borderline frivolous conduct of Plaintiff's top management who, first, incentivized the key employees and consultants of Plaintiff's foreign affiliate with fully discretionary cryptocurrency bonuses and, after the company had grown, decided to retaliate against the founding team, including Mr. Lukkonen, terminated the devoted team and, after a demanded the historic bonuses back with no basis whatsoever.

The Complaint contains three causes of action: (i) unjust enrichment; (ii) payment by mistake; and (iii) money had and received.

Yet, Plaintiff fails to allege the terms of an agreement or a legal theory for the return of the completely voluntary payments, let alone personal and subject matter jurisdiction of this Court.

Plaintiff admits that it voluntarily made the subject payments from the company's profit revenues based on Plaintiff's estimates, yet Plaintiff does not, and cannot, allege that Mr. Lukkonen was aware of this fact or agreed to return such payments after audits. Under these circumstances, a return of the earned voluntary payments does not fit within any of the alleged causes of action and would be inequitable. Fatally, Plaintiff itself fails to allege that the subject payments were expected to be not final profit share payments but estimates subject to claw-back. Under these circumstances, no equity or good conscience may provide for the requested relief.

In any case, Mr. Lukkonen does not have any required connections with the State of New York, this district or the United States. Mr. Lukkonen received all the subject payments in Estonia in connection with his Estonian employment and provision of services at Plaintiff's Estonian affiliate, Paxful OÜ ("Paxful Estonia"). Mr. Lukkonen had an employment contract and employment termination agreement, providing for Estonian jurisdiction and law.

Moreover, Plaintiff's Complaint fails to allege a single cognizable cause of action. Plaintiff itself admits that there was no "profit sharing agreement" between the parties, as it fails to assert a cause of action for breach of contract. Alternatively, Plaintiff fails to allege that the requested relief would be in any way equitable. Plaintiff's allegations are wholly conclusory and inconsistent. *See Salahuddin v. Jones*, 992 F.2d 447 (2d Cir. 1993). Accepting Paxful's allegations as true, Mr. Lukkonen was promised profit share payments but received profit share estimates with a claw-back right based on an audit years later. Plaintiff does not dispute that it made such payments voluntarily. Plaintiff is conveniently avoiding a breach of contract claim.

Yet, under its own theory Plaintiff owes Mr. Lukkonen profit share payments for over 5 months in 2020, when Mr. Lukkonen was still employed at Paxful Estonia but was not receiving any profit share payments. *See* Lukkonen Decl. ¶ 7. Taking these owed payments omitted from Plaintiff's demand calculation into the account, as well as the lack of any specific calculation whatsoever, it is almost certain that this Court lacks subject matter jurisdiction over this illusory matter with a speculative monetary demand.

Finally, the doctrine of *forum non convenience* precludes this Court's jurisdiction over the matter with a predominantly foreign component involving foreign persons, foreign conduct and foreign contracts with a forum selection clause.

## STATEMENT OF FACTS

The relevant facts and Plaintiffs' activities are detailed in the accompanying Declaration of Andrei Lukkonen, dated January 30, 2022, which is incorporated here by reference.

## ARGUMENT

### A. THIS ACTION SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

Plaintiff's allegations of personal jurisdiction are scarce, vague, speculative and are expressly refuted by Mr. Lukkonen's sworn affidavit. Mr. Lukkonen does not have contacts with the state of New York sufficient to establish personal jurisdiction. And this action must be dismissed pursuant to Fed.R.Civ.P. 12(b)(2) based on a lack of personal jurisdiction over the Defendant in New York. *See Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 28 (2d Cir. 1997) (dismissal for lack of personal jurisdiction upheld where defendant lacked sufficient contacts with New York). *See also Best Van Lines, Inc. v. Walker*, 490 F.3d 239,253 (2d Cir. 2007).

Notably, Plaintiff's production during the jurisdictional discovery does not substantiate any of Plaintiff's jurisdictional allegations. Pursuant to Plaintiff's produced correspondence, presuming its authenticity, Mr. Lukkonen did not negotiate any of the profit sharing payments in New York – he was only informed about the amounts to be transferred on few occasions only in 2019 and asked for instructions to transfer such payments. This alleged occasional correspondence from New York office of Mr. Lukkonen's Estonian employer does not provide for this Court's personal jurisdiction over Mr. Lukkonen as a matter of law.

The burden of proof rests upon the party asserting jurisdiction. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994). *See Metropolitan Life Ins. Co. v. Robertson-*

*Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996), *cert. denied*, 519 U.S. 1006 (1996); *In re Parmalat Sec. Litig.,* 376 F. Supp. 2d 449, 452 (S.D.N.Y. 2005).

In effect, the Court presumes lack of jurisdiction unless the asserting party can prove otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994). While a complaint's allegations must be construed in the light most favorable to the plaintiff, a court need not draw "argumentative inferences in the plaintiff's favor," nor "accept as true a legal conclusion couched as a factual allegation." *Ahmed v. Purcell*, No. 14 Civ. 7941, 2016 WL 1064610, at *4 (S.D.N.Y. Mar. 14, 2016) (citations and quotations omitted). A plaintiff "'may not rely on 'conclusory non-factspecific jurisdictional allegations' to overcome a motion to dismiss.'" *Madison Capital Markets, LLC, v. Starneth Europe B.V.*, No. 15 Civ 7213, 2016 WL 4484251, at *3 (S.D.N.Y. Aug. 23, 2016) (citation omitted).

Courts in this District assess the presence of personal jurisdiction by examining whether a jurisdictional basis exists under New York law and whether exercise of such jurisdiction satisfies federal constitutional standards. *Thackurdeen v. Duke Univ.*, No. 15-3082-cv, 2016 WL 4578662, at *1 (2d Cir. Sept. 1, 2016); *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). Personal jurisdiction cannot lie unless a defendant has sufficient "minimum contacts" such that requiring it to defend against a claim in the forum does not offend traditional notions of fair play and substantial justice. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918-19 (2011) (citation omitted). That can arise from "specific or conduct-linked jurisdiction" or "general or all-purpose jurisdiction." *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014). Specific jurisdiction requires that the cause of action arise from, or relate to, the defendant's contacts with the forum. *Goodyear*, 564 U.S. at 919. General jurisdiction, by contrast, allows any claim to be brought against a defendant if its contacts with the forum are so pervasive and of such a nature as

to render it essentially at home. *Daimler*, 134 S. Ct. at 754; *see also Singh v. G.k.*, No. 15-cv-05372, 2016 WL 3181149, at *3-4 (S.D.N.Y. June 2, 2016) (discussing standards for general jurisdiction under N.Y. C.P.L.R. 301). If minimum contacts have been established, a court considers "whether the assertion of personal jurisdiction comports with traditional notions of fair play and substantial justice—that is, whether it is reasonable to exercise personal jurisdiction under the circumstances of the particular case." *In re Aluminum Warehousing Antitrust Litig.*, Nos. 13-md-2481, 14-cv-3116, 2015 WL 6472656, at * 7 (S.D.N.Y. Oct. 23, 2015) (citations, quotations, and emphasis omitted).

First, here the Complaint's failure to plausibly allege any contact between Mr. Lukkonen and this forum precludes a finding of general jurisdiction.

Second, here is no *prima facie* case of specific jurisdiction because Plaintiff's claims do not arise from or relate to any alleged contacts by Mr. Lukkonen in this forum. All of Mr. Lukkonen's compensation was related to his services provided in Estonia under the Estonian employment contract with Plaintiff's Estonian affiliate. Lukkonen Decl. ¶¶ 4, 5, 7, 10. All that Plaintiff claims is that Mr. "Lukkonen had multiple calls, meetings, and electronic communications about his profit share payments with Paxful executives or Finance Department employees when those executives and employees were in New York City." Compl. ¶ 18. Such occasional communications are clearly not enough to invoke this Court's jurisdiction over this dispute under the New York's long-arm statute. *Copeland v. Life Sci. Technolgies, Ltd.*, No. 97 CIV. 0456 (SHS), 1997 WL 716915, at *2 (S.D.N.Y. Nov. 17, 1997) ("Telephone calls and mailings confer personal jurisdiction pursuant to CPLR § 302(a)(1) only if defendants conduct that activity in a manner as to project themselves into New York so as to purposefully avail themselves of the benefits of doing

business in New York."); *Hearst Corp. v. Goldberger*, No. 96 CIV. 3620 PKL AJP, 1997 WL 97097, at *12 (S.D.N.Y. Feb. 26, 1997).

Importantly, Plaintiff's production during the jurisdictional discovery in this case failed to demonstrate any Mr. Lukkonen's conduct projecting him into New York, so as to purposefully avail himself of the benefits of doing business in New York. In fact Plaintiff failed to produce any communications supporting its jurisdictional claims. The only provided communications were in a 4-page chat history screenshot from 2019 from a supposed NYC office employee asking for Mr. Lukkonen's Bitcoin and bank instructions and informing Mr. Lukkonen of his profit share amount that month. Lukkonen Decl. ¶ 5. Such communications are insufficient to establish personal jurisdiction of this Court over Defendant as a matter of law. *See Carlson v. Cuevas*, 932 F. Supp. 76, 78 (S.D.N.Y. 1996) ("Courts have consistently found similar communications insufficient to give rise to New York jurisdiction under § 302(a)(1) … Therefore, in this case, jurisdiction cannot be premised on § 302(a)(1).") (Internal citations omitted.)

For these reasons, there is no specific jurisdiction over in this action. *See, e.g., Thackurdeen*, 2016 WL 4578662, at *2-3 (affirming finding of no specific jurisdiction over foreign defendant where "the 'original events' all occurred outside of New York"); *Singh*, 2016 WL 3181149, at *4-5. Moreover, jurisdiction would be constitutionally inappropriate in this case in any event because it would be manifestly unfair and unreasonable to subject Mr. Lukkonen to U.S. jurisdiction based on his employment-related activities in Estonia. Mr. Lukkonen could not possibly expect the communications received from a U.S. accounting office to cause him to be haled into a U.S. court.

**B. THIS ACTION SHOULD BE DISMISSED UNDER THE DOCTRINE OF *FORUM NON CONVENIENS* AND PURSUANT TO THE CONTRACTUAL FORUM SELECTION CLAUSE**

Once the Complaint is shorn of its improper and conclusory allegations, what remains is, at best, no more than a dispute between a U.S. company and an ex-employee of its Estonian affiliate concerning employment-related compensation arising from Mr. Lukkonen Estonian employment and services. U.S. courts are hardly the appropriate locale for such a foreign dispute. Under the doctrine of *forum non conveniens*, dismissal is warranted.

*Forum non conveniens* is a discretionary tool that allows courts to refuse to hear actions that are more properly brought in a foreign jurisdiction. "'[D]ismissal will ordinarily be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice.'" *Niv v. Hilton Hotels Corp.*, 710 F. Supp. 2d 328, 330 (S.D.N.Y. 2008) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 (1981)). "Courts must determine and weigh three factors for forum non conveniens challenges: (i) the degree of deference due to the plaintiffs' choice of forum; (ii) whether an adequate alternative forum exists; and (iii) the balance of public and private interests implicated in the choice of forum." *Guerrini v. Atmel Corp.*, No. 15-2664, 2016 WL 3548238, at *2 (2d Cir. June 27, 2016) (citation omitted).

Here, all three factors weigh heavily in favor of dismissal of Plaintiff's claims. The degree of deference given to a plaintiff's choice in forum "varies with the circumstances." *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001). Courts afford a plaintiff's choice of forum minimum deference where, as here, that choice was motivated by "forum-shopping reasons." *Id.* Factors evincing forum shopping reasons include "the inconvenience and expense to the defendant resulting from litigation in that forum...." *Id.* Plaintiff is trying to bring an Estonian ex-employee

of Plaintiff's Estonian subsidiary for forum-shopping reasons at a great inconvenience to Mr. Lukkonen who signed an Estonian employment contract and an Estonian termination agreement with an Estonian forum selection clause. *See* <u>Ex. A</u> to Lukkonen Decl. at ¶¶ 14.2-14.3. Non-parties to contracts containing forum selection clauses may nonetheless invoke the clause if they are "'closely related' to one of the signatories." *Direct Mail Prod. Servs. Ltd. v. MBNA Corp.,* No. 99 CIV. 10550 (SHS), 2000 WL 1277597, at *3 (S.D.N.Y. Sept. 7, 2000). Here, Plaintiff does not and cannot deny that Mr. Lukkonen was employed by Plaintiff's Estonian affiliate.

Second, Plaintiff's claims against Mr. Lukkonen can be brought in the adequate alternative forum of Estonia. The alternative forum must be one "in which defendants are amenable to service of process and which permits litigation of the dispute," and does not have to provide "causes of action, procedures, or remedies that are . . . identical to those in the United States." *Wenzel v. Marriott Intern., Inc.,* 629 F. App'x 122, 124 (2d Cir. 2015) (citations and quotations omitted). Mr. Lukkonen is an Estonian citizen and resident, and his employer is Plaintiff's affiliate in Estonia, principally located in Estonia, meaning that there is no unfairness in requiring that Plaintiff's claims be pursued in Mr. Lukkonen's employer's home forum. Notably, Plaintiff does not allege a privity of contract between Plaintiff and Mr. Lukkonen.

Third, both public and private factors weigh against allowing Plaintiff's claims to be heard in this Court. Private factors include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Chirag v. MT Marida Marguerite Schiffahrts,* 604 F. App'x 16, 21 (2d Cir. 2015*)* (citation and quotations omitted). Public factors include: "(1) the administrative burden on the congested court being asked

to handle a dispute arising from another forum; (2) the burden of jury duty on the 'people of a community which has no relation to the litigation'; (3) the 'local interest in having localized controversies decided at home'; and (4) the burden of applying foreign law." *RIGroup LLC v. Trefonisco Mgm*. Ltd., 949 F. Supp. 2d 546, 558 (S.D.N.Y. 2013), *aff'd* at 559 F. App'x 58 (2d Cir. 2014) (citation omitted).

Here, the dispute is heavily Estonian, arising out of Estonian work relations between Estonian parties with Estonian interest and need to apply Estonian law under both employment and termination agreements. *See Guerrini*, 2016 WL 3548238, at *2 ("[P]rivate and public interest factors strongly support adjudication in France because the locus of operative facts is in France and France has a far greater interest in the litigation than does New York.").

Thus, the doctrine of forum *non conveniens* warrants dismissal of the Complaint.

## C. THIS ACTION SHOULD BE DISMISSED FOR PLAINTIFF'S FAILURE TO STATE A PLAUSIBLE CLAIM

Plaintiff fails to state a single cognizable claim against Mr. Lukkonen. *See* Fed. R. Civ. P. 12(b)(6). This dispute is an illusory one in particular because Plaintiff fails to allege the so-called "Profit Sharing Agreement" (Compl. ¶ 15) is enforceable. Plaintiff even fails to allege a cause of action for breach of contract, let alone the specific terms of such a "contract," where payments to Mr. Lukkonen were supposed to be based on the discretionary estimates of Plaintiff and then adjusted and repossessed in Plaintiff's sole discretion. Such repayment demands are equally unequitable. Mr. Lukkonen was never informed or agreed that his bonus payments were based on the profit estimates subject to claw-back, coincidentally, after his termination. to Lukkonen Decl. ¶ 4. Conclusory allegations do not fulfill even the liberal standard of Rule 12(b)(6). *150 E. 58th St. Partners, L.P. v Wilkhahn Wilkening & Hahn GmbH & Co*., 97 CIV. 4262 (SHS), 1998 WL 65992, at *2 (SDNY Feb. 17, 1998).

The Court may decide Rule 12(b)(6) grounds for dismissal before reaching the separate issue of personal jurisdiction. *Sullivan v. Barclays PLC*, No. 13-CV-2811 (PKC), 2017 WL 685570, at *11 (S.D.N.Y. Feb. 21, 2017; *ONY, Inc. v. Cornerstone Therapeutics, Inc*., 720 F.3d 490, 498 (2d Cir. 2013) ("Although we traditionally treat personal jurisdiction as a threshold question to be addressed prior to consideration of the merits of a claim, that practice is prudential and does not reflect a restriction on the power of the courts to address legal issues.") (Internal citations omitted.)

Here, it is easy for the Court to dismiss the Complaint for failure to state a claim upon which equitable relief may be granted.  Plaintiff fails to allege any equitable grounds warranting the return of voluntary payments to Mr. Lukkonen. The Complaint is deficient of the allegations that Mr. Lukkonen was obligated to keep his profit share bonus until Plaintiff's CEO conducts an audit. To the opposite, at no point was Mr. Lukkonen ever told that these distributions were based on estimated profits or subject to claw back after an audit. Lukkonen Decl. ¶ 4. "A plaintiff's allegation that a defendant received benefits, standing alone, is insufficient to establish a cause of action to recover damages for unjust enrichment." *BPP Wealth, Inc. v. Weiser Capital Mgmt., LLC*, 623 F. App'x 7 (2d Cir. 2015).

Alternatively, an enforceable contract bars all of the Plaintiff's causes of action lying in equity.

### a. Plaintiff Made Voluntary Payments to Mr. Lukkonen with No Mistake of Material Fact or Law

Moreover, Plaintiff's claims fail as a matter of law pursuant to the voluntary payment doctrine. "That common-law doctrine bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law." *Dillon v U-A Columbia Cablevision of Westchester, Inc.*, 100 NY2d 525, 526 (2003); *Wurtz v Rawlings*

Co., LLC, 12CV1182JMAAKT, 2016 WL 7174674, at *5 (EDNY Nov. 17, 2016) ("As its name suggests, the voluntary payment doctrine applies only to voluntary payments, not to payments made as a result of fraud or duress."); *839 Cliffside Ave. LLC v. Deutsche Bank Nat'l Tr. Co. for First Franklin Mortg. Loan Tr. 2006-FF3 Mortg. Pass-Through Certificates, Series 2006-FF3*, No. 15-CV-4516 (SIL), 2018 WL 4608198, at *11 (E.D.N.Y. Sept. 25, 2018) ("'The voluntary payment doctrine likewise bars recovery under an unjust enrichment theory, but only where payments [are] voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law.'" (quoting *Leder v. Am. Traffic Sols., Inc.*, 630 F. App'x 61, 63 (2d Cir. 2015)).

Here, the alleged profit share payments were knowingly and voluntarily made in accordance with Plaintiff's CEO's own estimates without any duress or influence on the part of Mr. Lukkonen. *See Francisco v. United States*, 115 F. Supp. 3d 416, 420 (S.D.N.Y. 2015) ("[P]redictions are, by nature, only guesses or estimates").

On the other hand, Mr. Lukkonen was never informed that such payments were estimates subject to Plaintiff's redemption. Such payments were not accompanied by any calculations and were not subject to any restrictions. The Complaint itself does not allege that Mr. Lukkonen was aware that the payments were based on estimates and subject to adjustments. Plaintiff voluntarily made final payments in Plaintiff's discretion.

Thus, the voluntary payment doctrine warrants dismissal of the Complaint in its entirety.

### b.  Plaintiff's Unjust Enrichment and Money Had and Received Claims are Deficient as a Matter of Law

Also fatally to the Plaintiff's Complaint, the Statute of Frauds defies any claims under the alleged oral agreement. As alleged by Plaintiff, such an agreement could not possibly be performed within one year. *See Reives v. Lumpkin*, No. 08 CIV. 7797 CM, 2012 WL 2045854, at *8 (S.D.N.Y.

June 4, 2012). Plaintiff alleges that it agreed to pay Mr. Lukkonen profit share payments "for each Paxful fiscal year." Compl. ¶¶ 15. By its terms, the agreement that Plaintiff alleges "is not to be performed within one year from the making thereof." G.O.L. § 5-701.

If such an agreement existed, the established precedent "precludes unjust enrichment claims whenever there is a valid and enforceable contract governing a particular subject matter, whether that contract is written, oral, or implied-in-fact."). *MacIntyre v Moore*, 335 F Supp 3d 402, 416 (WDNY 2018) (citing *Clark–Fitzpatrick, Inc. v. Long Is. R.R. Co*., 70 N.Y.2d 382, 388 (1987).

Finally, even if Plaintiff alleged other element of its equitable claims, as described above, no equity and good conscience require restitution of funds paid to Mr. Lukkonen.

"Under New York law, to recover for unjust enrichment, the plaintiff must establish that (1) the defendant was enriched; (2) the enrichment was at the plaintiff's expense; and (3) equity and good conscience require restitution." *Golden Pac. Bancorp. v. Fed. Deposit Ins. Corp*., 273 F.3d 509, 519 (2d Cir. 2001). Similarly, the "essential elements of a cause of action for money had and received are (1) the defendant received money belonging to the plaintiff, (2) the defendant benefited from receipt of the money, and (3) under principles of equity and good conscience, the defendant should not be permitted to keep the money." *Lebovits v. Bassman*, 120 A.D.3d 1198, 1199 (2d Dept. 2014).

Here, the Complaint only alleges that Plaintiff made voluntary payments knowingly based on its estimates. Plaintiff failed to inform Mr. Lukkonen of Plaintiff's chosen way of calculating making payments. Mr. Lukkonen reasonably treated the funds as earned once paid. No equity and good conscience could permit restitution under these circumstances.

Moreover, the money had and received quasi-contract claim "allows plaintiff to recover money which has come into the hands of the defendant impressed with a species of trust because under the circumstances it is against good conscience for the defendant to keep the money." *Cohen v. BMW Investments L.P.*, 144 F Supp 3d 492, 501 (SDNY 2015), *affd*, 668 Fed Appx 373 (2d Cir 2016). Here, to the opposite, Mr. Lukkonen fully trusted and relied on Plaintiff's judgment in calculating and making the bonus payment. Plaintiff chose not to wait for any audits to make the payment. As Mr. Lukkonen was not involved in the process and did not know how the profit share payment was calculated, or that such payments were subject to an audit years later, it is utterly unjust to return the received bonus to Plaintiff.

Accordingly, Plaintiff's claims fail as defectively stated as a matter of law.

## D.  THIS ACTION SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

If the above-named grounds were not enough grounds for dismissal, Plaintiff's Complaint also fails to properly invoke this Court's subject matter jurisdiction, as the alleged amount in controversy is speculative.

As this District held: a "defendant cannot meet its burden of proof with mere conclusory allegations of indirect or speculative value. … [M]erely because there is ultimately an issue involving a great deal of money lurking somewhere in the relationship between the parties is no reason to transform this case into a matter involving federal court diversity jurisdiction. Accordingly, the Court finds that the actual amount in controversy does not meet the requisite threshold and the Court is without subject matter jurisdiction." *Am. Std., Inc. v Oakfabco, Inc.*, 498 F Supp 2d 711, 718 (SDNY 2007) (internal citations and quotations omitted.)

Here, Plaintiff alleges that it "made the profit share payments on a monthly basis, mainly if not entirely through Bitcoin transfers." Compl. at ¶ 17. Plaintiff allegedly paid Mr. Lukkonen

"[o]ver the course of the fiscal year from January 2017 through December 2017, Paxful reasonably estimated the profit payments to Lukkonen at an aggregate total of $254,786." Compl. at ¶ 19. And only on "November 5, 2020, Paxful notified Lukkonen of its determinations, informed him that he had been unjustly enriched at Paxful's expense" Compl. at ¶ 21.

Given the lack of any calculations whatsoever, including the amount of Bitcoin transferred and its exchange rate, the volatile nature of the cryptocurrency, the time passed from the original alleged payments, it is impossible to discern that the amount in controversy does in fact meet the requisite threshold invoking this Court's subject matter jurisdiction.

If this was not enough, Plaintiff in its demand failed to account for the payments still due and payable to Mr. Lukkonen under Plaintiff's own logic. Mr. Lukkonen terminated his employment contract with Paxful Estonia in April of 2020. The alleged profit share payments stopped at the end of 2019. Taking Plaintiff's allegations as true, Plaintiff still owes Mr. Lukkonen his profit share for January, February, March, April, May and partially June of 2020.

Accordingly, the actual amount in controversy does not meet the requisite threshold.

Thus, the Complaint should be dismissed.

## <u>CONCLUSION</u>

For the reasons stated above, Defendant respectfully requests that the Court dismiss the Complaint with prejudice.

14

KHURDAYAN, PLLC

Dated: January 31, 2022
New York, New York

by: Gleb Zaslavsky

*Counsel for the Defendant*
60 Broad Street, 24th Floor
New York, NY 10004
Tel: 917-210-1066
gleb@kstechlaw.com