UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAXFUL, INC.,

                Plaintiff,

-against-

ANDREI LUKKONEN,

                Defendant.

Case No. 21-cv-3330 (PGG)

# DEFENDANT'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION TO DISMISS THE COMPLAINT

Gleb Zaslavsky, Esq.
Zaslavskyy PLLC
*Counsel for the Defendant*
60 Broad Street, 24th Floor
New York, NY 10004
917-210-1066
gleb@kstechlaw.com

April 1, 2022

# TABLE OF CONTENTS

*TABLE OF AUTHORITIES* ................................................................................................ *ii*

*PRELIMINARY STATEMENT* ......................................................................................... *1*

*STATEMENT OF FACTS* .................................................................................................. *2*

*ARGUMENT* ........................................................................................................................ *3*

    A.    **PLAINTIFF FAILED TO ALLEGE LACK OF PERSONAL JURISDICTION**................ 3

    B.    **THE DOCTRINE OF *FORUM NON CONVENIENS* AND EMPLOYMENT AGREEMENT STILL APPLY TO THIS DISPUTE AND WARRANT DISMISSAL**.................. 4

    C.    **PLAINTIFF'S MEMORANDUM FAILED TO REVIVE THE FAILED PLAUSIBLE CLAIMS** ............................................................................................................................. 5

    D.    **THIS ACTION SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** ..................................................................................................................... 6

*CONCLUSION* .................................................................................................................... *7*

# TABLE OF AUTHORITIES

**Cases**

*Ahmed v. Purcell*,
 No. 14 Civ. 7941, 2016 WL 1064610 (S.D.N.Y. Mar. 14, 2016)…………………………....3

*Beth Israel Med. Ctr. v Horizon Blue Cross and Blue Shield of New Jersey, Inc.*,
 448 F3d 573 (2d Cir 2006)………………………………………………………………………5

*Copeland v. Life Sci. Technolgies, Ltd.*,
 No. 97 CIV. 0456 (SHS), 1997 WL 716915 (S.D.N.Y. Nov. 17, 1997)……………..………4

*Guerrini v. Atmel Corp.*,
 No. 15-2664, 2016 WL 3548238 (2d. June 27, 2016)……………………………..………5

*Hearst Corp. v. Goldberger*,
 No. 96 CIV. 3620 PKL AJP, 1997 WL 97097 (S.D.N.Y. Feb. 26, 1997)……………..………4

*Houbigant, Inc. v. Dev. Specialists, Inc.*,
 229 F. Supp. 2d 208 (S.D.N.Y. 2002)…………………………………………………..6

*In re Parmalat Sec. Litig.*,
 376 F. Supp. 2d 449 (S.D.N.Y. 2005)……………………………………………….....3

*Madison Capital Markets, LLC, v. Starneth Europe B.V.*,
 No. 15 Civ. 7213, 2016 WL 4484251 (S.D.N.Y. Aug. 23, 2016)………………………….3

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*,
 84 F.3d 560 (2d Cir. 1996), *cert. denied*, 519 U.S. 1006 (1996)……………………….…3

*See NuMSP, LLC v. St. Etienne*,
 462 F. Supp. 3d 330 (S.D.N.Y. 2020)…………………………………………………….3

*Robinson v. Overseas Military Sales Corp.*,
 21 F.3d 502 (2d Cir. 1994)…………………………………………………………..……….3

*Salahuddin v. Jones*,
 992 F.2d 447 (2d Cir. 1993)……………………………………………………….………... 2

Defendant Andrei Lukkonen ("Mr. Lukkonen" or "Defendant") submits this Memorandum of Law in further support of his Motion to Dismiss ("Motion") the Complaint of plaintiff Paxful, Inc. ("Plaintiff" or "Paxful") based on a lack of personal jurisdiction, the doctrine of *forum non conveniens*, failure to state a claim, as well as for the lack of subject matter jurisdiction.

## PRELIMINARY STATEMENT

Plaintiff's Memorandum of Law in Opposition to the Motion misses the point disputing each Defendant's argument.

First and foremost, Plaintiff failed to establish this Court's personal jurisdiction over Mr. Lukkonen but for making a generic allegation copying word for word from the related complaints. Mr. Lukkonen conclusively disputes any presence in the State of New York or the United States, including having any negotiations regarding the alleged profit share overpayment or any payments from Paxful. Scarce messages from financial department personnel confirming payment fall short of establishing this Court's personal jurisdiction over Defendant. Defendant attaches the referenced messages to his Reply as Exhibit A. Remarkably, Plaintiff chose not to support its opposition with the correspondence provided during the Court-ordered jurisdictional discovery, as it fails to support Plaintiff's conclusory and baseless allegations of this Court's personal jurisdiction over Mr. Lukkonen.

Further, Plaintiff failed to state a single cognizable cause of action as a matter of law. Plaintiff alleges a separate agreement for the subject payments to Defendant. By Plaintiff's own allegations, any payments or overpayments may only have been made pursuant to such agreement. Yet, Plaintiff fatally fails to allege a breach of the agreement. Even if Plaintiff was able to assert quasi-contractual causes of actions, such claims are not equitable, since Plaintiff's allegations are

wholly conclusory and inconsistent. *See Salahuddin v. Jones*, 992 F.2d 447 (2d Cir. 1993). Plaintiff fails to sufficiently plead a mistake of law, as the alleged payments were wholly voluntary and not subject to accounting.

Notably, Plaintiff itself admits that the subject payments were "tied to" Mr. Lukkonens employment. (Plaintiff's Memo of Law at p. 19.) In line with Defendant's sworn position, the subject dispute arises out of the employment relations and should be governed by the employment agreement and, in any case, decided in Estonia, if anywhere. It would be inconvenient and unfair to litigate this dispute with a foreign nexus in this Court under the doctrine of *forum non convenience*.

Equally, Plaintiff still failed to allege calculation of the supposed overpayment amount with any specificity, despite the alleged audit, jeopardizing this Court's subject matter jurisdiction over this dispute.

Thus, all the three causes of action asserted in the Complaint should be dismissed.

## STATEMENT OF FACTS

The relevant facts are detailed in the accompanying Declaration of Andrei Lukkonen in Further Support of the Motion dated March 31, 2022, and the prior Declaration of Andrei Lukkonen in Support dated January 30, 2022, which are incorporated herein by reference.

## ARGUMENT

### A. PLAINTIFF FAILED TO ALLEGE LACK OF PERSONAL JURISDICTION

Plaintiff's argument in favor of this Court's personal jurisdiction over Mr. Lukkonen fails, as Plaintiff failed to meet its burden of proof asserting such. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994). *See also Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996), *cert. denied*, 519 U.S. 1006 (1996); *In re Parmalat Sec. Litig.,* 376 F. Supp. 2d 449, 452 (S.D.N.Y. 2005).

Here, Plaintiff's allegations of personal jurisdiction remain vague, scarce and unsubstantiated. Plaintiff simply fails to assert any of Mr. Lukkonen's active participation in business in New York. Moreover, Plaintiff's cited case law supports dismissal, as Plaintiff's allegations of personal jurisdiction are clearly controverted by both Mr. Lukkonen's sworn affidavits and Plaintiff's own jurisdictional discovery production. *See NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330, 341 (S.D.N.Y. 2020) (internal quotations and citations omitted.)

The Court need not draw "argumentative inferences in the plaintiff's favor," nor "accept as true a legal conclusion couched as a factual allegation." *Ahmed v. Purcell*, No. 14 Civ. 7941, 2016 WL 1064610, at *4 (S.D.N.Y. Mar. 14, 2016) (citations and quotations omitted). Plaintiff "'may not rely on 'conclusory non-fact specific jurisdictional allegations' to overcome a motion to dismiss.'" *Madison Capital Markets, LLC, v. Starneth Europe B.V.*, No. 15 Civ. 7213, 2016 WL 4484251, at *3 (S.D.N.Y. Aug. 23, 2016) (citation omitted).

Despite the allegations in the Complaint, Plaintiff's failure to provide any evidence of the alleged personal jurisdiction, despite the Court-ordered jurisdictional discovery, and Plaintiff's speculative reading of Mr. Lukkonen's sworn affidavit in opposition, Mr. Lukkonen clearly and unequivocally explains in his sworn affidavit that he did not transact any business in New York or

engage in any non-incidental communications about the alleged profit sharing agreement or payments. *See* Lukkonen Aff. in Supp. ¶¶ 4-8. The produced correspondence fully supports Defendant's position. *See* Exhibit A to Lukkonen Aff. in Further Supp.

Mr. Lukkonen has clarified in his Reply Affidavit that, despite the unsupported allegations Plaintiff copied and pasted in a series of the related complaints, all Defendant's payment negotiations took place with the executives in Estonia. *See* Lukkonen Aff. in Further Supp. ¶¶ 4-7.

The scarce and occasional administrative communications with New York accounting department confirming the transfer of Defendant's compensation related to his Estonian employment and compensation arrangement in Estonia are not sufficient to establish this Court's personal jurisdiction over Defendant. *See Copeland v. Life Sci. Technologies, Ltd.*, No. 97 CIV. 0456 (SHS), 1997 WL 716915, at *2 (S.D.N.Y. Nov. 17, 1997) ("Telephone calls and mailings confer personal jurisdiction pursuant to CPLR § 302(a)(1) only if defendants conduct that activity in a manner as to project themselves into New York so as to purposefully avail themselves of the benefits of doing business in New York."); *Hearst Corp. v. Goldberger*, No. 96 CIV. 3620 PKL AJP, 1997 WL 97097, at *12 (S.D.N.Y. Feb. 26, 1997).

Therefore, Defendant's argument in favor of dismissal for the lack of personal jurisdiction stands and the Complaint should be dismissed on these grounds alone.

### B. THE DOCTRINE OF *FORUM NON CONVENIENS* AND EMPLOYMENT AGREEMENT STILL APPLY TO THIS DISPUTE AND WARRANT DISMISSAL

Despite Plaintiff's contentions to the contrary, Defendant established both applicability of the *forum non conveniens* doctrine to the dispute in Mr. Lukkonen's favor and applicability of the Estonian employment agreement to this employment-related dispute. Notably, Plaintiff itself admits that the alleged profit share payments were employment-related. Again, Plaintiff failed to

allege breach of the purported "Profit Sharing Agreement." *See* Compl. ¶¶ 15, 16; Plaintiff's Memo of Law in Opp. at p. 19.

As explained in the supporting papers, all the *forum non conveniens* factors weigh heavily in Defendant's favor. As discussed, Plaintiff fail to demonstrate a New York locus of operative facts in this dispute. *Guerrini v. Atmel Corp.*, No. 15-2664, 2016 WL 3548238, at *2 (2d Cir. June 27, 2016). Plaintiff even fail to specify which witnesses are so material to this dispute, when all the related communications and services took place in Estonia.

Thus, the doctrine of forum *non conveniens* and the Estonian employment agreement, which Paxful's executives signed with Mr. Lukkonen, warrant dismissal of the Complaint.

## C. PLAINTIFF'S MEMORANDUM FAILED TO REVIVE THE FAILED PLAUSIBLE CLAIMS

Plaintiff still fails to state a single cognizable claim against Mr. Lukkonen. Fatally to Plaintiff, it asserts a separate agreement for the profit share, yet fails to state a cause of action for breach of such agreement. *See Beth Israel Med. Ctr. v Horizon Blue Cross and Blue Shield of New Jersey, Inc.*, 448 F3d 573, 587 (2d Cir 2006) ("[I]n case involving purported oral contract, recognizing that existence of oral contract would preclude quasi-contractual recovery.") (Internal quotations and citations omitted). Mr. Lukkonen does not dispute that he agreed with his employing Paxful's executive in Estonia that he would receive the subject bonus payments, which were fully voluntary and not subject to accounting adjustments.

Thus, the Complaint should be dismissed on this ground alone.

Similarly, under the circumstances alleged in the Complaint and explained in Mr. Lukkonen's sworn affidavits and supporting papers, Plaintiff's claims fail as a matter of law under principles of equity and good conscience and pursuant to the voluntary payment doctrine.

5

To date, Plaintiff failed to provide any information how the alleged overpayment was calculated and how the years old discretionary payments were supposed to depend on a future audit. *See* Lukkonen Aff. in Supp. ¶ 14. Notably, while agreeing to the subject employment-relates bonus payments, Mr. Lukkonen and his employer did not discuss "net profits" or other specific accounting terms alleged in the Complaint in an attempt to justify Plaintiff's unfair repayment demand. Lukkonen Aff. in Further Supp. ¶ 7.

Thus, the alleged contract, voluntary payment doctrine, as well principles of equity and good conscience warrant dismissal of the Complaint in its entirety.

Accordingly, Plaintiff's claims fail as defectively stated as a matter of law.

### D. THIS ACTION SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

Finally, Plaintiff failed to prove by a preponderance of the evidence that subject matter jurisdiction exists. *Houbigant, Inc. v. Dev. Specialists, Inc.*, 229 F. Supp. 2d 208, 213 (S.D.N.Y. 2002). Despite allegations of existence of an audit, which is supposedly conclusive on the issue, Plaintiff failed to provide any evidence, affidavits or even calculations of the alleged overpayment.

Plaintiff failed to meet its burden of proof. *See Am. Std., Inc. v Oakfabco, Inc.*, 498 F Supp 2d 711, 718 (SDNY 2007)

Thus, the Complaint should be dismissed.

## **CONCLUSION**

For the reasons stated above and in the supporting papers, Defendant respectfully requests that the Court dismiss the Complaint in its entirety and with prejudice.

Dated: April 1, 2022
New York, New York

ZASLAVSKY, PLLC

_____
by: Gleb Zaslavsky

*Counsel for the Defendant*
60 Broad Street, 24th Floor
New York, NY 10004
Tel: 917-210-1066
gleb@kstechlaw.com