UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAXFUL, INC.,

Plaintiff,

- against -

ANDREI LUKKONEN,

Defendant.

**ORDER**

21 Civ. 3330 (PGG) (SN)

PAUL G. GARDEPHE, U.S.D.J.:

In this action, Plaintiff Paxful, Inc. alleges that it "mistakenly made excessive profit share payments" to its former employee, Defendant Andrei Lukkonen, and it seeks to recover the alleged excessive payments. (Cmplt. (Dkt. No. 1) ¶¶ 5, 8) Lukkonen has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(6), and forum non conveniens. (Dkt. No. 34) This Court referred Lukkonen's motion to Magistrate Judge Sarah Netburn for a Report and Recommendation ("R&R"). (Dkt. No. 37) Judge Netburn has issued an R&R, in which she recommends that this case be dismissed for lack of personal jurisdiction. (R&R (Dkt. No. 48)) Neither side has filed objections to the R&R.

For the reasons stated below, this Court will adopt Judge Netburn's R&R, and this case will be dismissed without prejudice.

## BACKGROUND

### I. FACTUAL BACKGROUND

Paxful, Inc. – a Delaware corporation headquartered in New York – operates an online cryptocurrency marketplace that is used to buy, sell, and transfer Bitcoin and other digital currencies. (Cmplt. (Dkt. No. 1) ¶¶ 2, 7, 12) Andrei Lukkonen, who resides in Tallinn, Estonia,

was employed by Paxful or its affiliates as Head Web Developer and Head of Back-End Development. (See id. ¶¶ 3, 8, 13) In or about 2016, Paxful and Lukkonen agreed that Paxful would pay Lukkonen profit share payments equal to 1% of Paxful's net profits for each fiscal year. (Id. ¶ 15) Pursuant to this agreement, Paxful made monthly profit share payments to Lukkonen. (Id. ¶ 16-17) Paxful determined the amount of these payments "using reasonable estimates of its expected net profits." (Id. ¶ 17) Payments were made primarily in Bitcoin, and were often made through Paxful's Finance Department in New York City. (Id. ¶¶ 17-18) Lukkonen allegedly had "multiple calls, meetings, and electronic communications about his profit share payments with Paxful executives or Finance Department employees when those executives and employees were in New York City." (Id. ¶ 18)

Between January 2017 and December 2019, Paxful paid Lukkonen a total of $254,786 in estimated profit share payments. (Id. ¶ 19) After conducting a financial audit, however, Paxful realized that its net profits from those fiscal years were lower than its prior estimates. (Id. ¶ 20) Paxful determined that the estimated profit share payments of $254,786 that it had made to Lukkonen exceeded the true amount to which he was entitled under their profit share agreement. Lukkonen received $130,871.43 in excess payments. (Id.)

In a November 5, 2020 letter, Paxful notified Lukkonen that he had been "unjustly enriched," and demanded that Lukkonen repay the excess amount of $130,871.43 by December 31, 2020. (Id. ¶ 21) To date, Lukkonen has made no such payment. (Id. ¶ 22)

## II. PROCEDURAL HISTORY

The Complaint was filed on April 15, 2021, and asserts claims for (1) unjust enrichment, (2) payment by mistake, and (3) money had and received. (Id. ¶¶ 23-36) Subject matter jurisdiction is predicated on diversity of citizenship. (Id. ¶ 9) On January 31, 2022, after

the parties had conducted jurisdictional discovery (see Dkt. No. 31), Lukkonen moved to dismiss for lack of personal jurisdiction, lack of subject matter jurisdiction, forum non conveniens, and failure to state a claim. (Dkt. No. 34) On February 1, 2022, this Court referred the motion to Judge Netburn for an R&R. (Dkt. No. 37) On June 21, 2022, Judge Netburn issued an R&R, in which she recommends that this Court dismiss this case for lack of personal jurisdiction. (R&R (Dkt. No. 48)) Neither side has filed objections to the R&R.

## DISCUSSION

### I. LEGAL STANDARD

#### A. Review of a Magistrate Judge's Report and Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, no objections are filed to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Austin v. Lynch, No. 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note). Moreover, the Second Circuit has made clear that a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision." (citation omitted)).

**B. Fed. R. Civ. P. 12(b)(2)**

"The plaintiff bears the burden of establishing that the court has jurisdiction over the defendant when served with a Rule 12(b)(2) motion to dismiss." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001) (citation omitted). The nature of the plaintiff's burden "varies depending on the procedural posture of the litigation." Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990). Prior to discovery, a plaintiff may carry this burden "by pleading in good faith . . . legally sufficient allegations of jurisdiction." Id. "At that preliminary stage, the plaintiff's prima facie showing may be established solely by allegations." Id. "In contrast, when an evidentiary hearing is held, the plaintiff must demonstrate the court's personal jurisdiction over the defendant by a preponderance of the evidence." Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996) (citation omitted).

"Where as here, . . . 'the parties have conducted . . . discovery regarding the defendant's contacts with the forum state, but no evidentiary hearing has been held[,] the plaintiff's prima facie showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited . . . , would suffice to establish jurisdiction over the defendant.'" Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999) (quotation marks omitted) (quoting Metro. Life Ins. Co., 84 F.3d at 567). The plaintiff may make this showing through "affidavits and supporting materials." S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 138 (2d Cir. 2010) (quotation marks and citation omitted). While a court may consider materials outside of the pleadings in resolving a motion premised on lack of personal jurisdiction, the materials must be "construed in the light most favorable to the plaintiff[,] and doubts are resolved in the plaintiff's favor." Ziegler, Ziegler &

Assocs. LLP v. China Digital Media Corp., No. 05 Civ. 4960 (LAP), 2010 WL 2835567, at *2 (S.D.N.Y. July 13, 2010) (quotation marks and citation omitted).

Where, as here, subject matter jurisdiction is premised on diversity of citizenship, personal jurisdiction is analyzed using a two-step inquiry. First, the defendant must be "amenable to process under the law of the forum state." Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. BP Amoco P.L.C., 319 F. Supp. 2d 352, 357 (S.D.N.Y. 2004) (citing Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 105 (1987) and Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996)). Second, the exercise of jurisdiction must comport with due process principles. Id. (citing Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945)).

"When a defendant moves to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and also moves to dismiss on other grounds, the Court usually must consider the Rule 12(b)(1) motion first." Al-Ahmed v. Twitter, Inc., 553 F. Supp. 3d 118, 123-24 (S.D.N.Y. 2021) (citing Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990)). However, "a federal court faced with a 'straightforward' personal jurisdiction issue may decide the personal jurisdiction question first if resolving that issue terminates the case." Id. at 124 (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 588 (1999)).

## II. ANALYSIS

### A. Review of Judge Netburn's Report and Recommendation

As discussed above, Lukkonen has moved to dismiss on various grounds, including (1) lack of personal jurisdiction, (2) lack of subject matter jurisdiction, (3) forum non conveniens, and (4) failure to state a claim. (Dkt. No. 34) In her R&R, Judge Netburn only addresses personal jurisdiction, and she recommends that this case be dismissed on that ground. (R&R (Dkt. No. 48))

In connection with his motion to dismiss, Lukkonen has submitted a declaration stating that:

(1) at all relevant times, he was an Estonian national and resident (Lukkonen Decl. (Dkt. No. 35) ¶ 7);

(2) he has "never conducted any business for Paxful in the United States," as he was employed at Paxful's affiliate in Estonia (id. ¶ 4);

(3) his only contacts with New York were "occasional messages" he received from Paxful's New York office, in which Paxful informed him of the bonus payments he would be receiving (id. ¶ 11); and

(4) all payments Lukkonen received – whether in Bitcoin or as a deposit in his Estonian bank account – were received "in connection with [his] employment and services provided in Estonia" (id. ¶¶ 10-11).

Based on these representations, Lukkonen argues that he lacks sufficient contacts with New York to permit the exercise of personal jurisdiction. (See Def. Br. (Dkt. No. 36) at 9-12)[1]

Paxful argues, however, that this Court may exercise personal jurisdiction over Lukkonen pursuant to New York's long-arm statute, C.P.L.R. § 302. According to Paxful, although Lukkonen was never physically present in New York during the relevant time period, "he had extensive communications about his profit share payments with Paxful executives and Finance Department employees[, who are] based in New York City." Paxful contends that these contacts are sufficient to confer personal jurisdiction, "especially where New York is Paxful's principal place of business, where it had the net profits that are the subject of this litigation, and where Paxful has suffered damages." (Pltf. Br. (Dkt. No. 38) at 14-15)

In considering these arguments, Judge Netburn accurately sets forth the standard for determining personal jurisdiction under N.Y. C.P.L.R. § 302:

---

[1] All references to page numbers in this Order are as reflected in this District's Electronic Case Files ("ECF") system.

> N.Y. CPLR § 302(a)(1) permits a court to exercise personal jurisdiction over an out-of-state party if that party "transacts any business within the state" and if the claim arises from these business contacts. CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986). "To meet the transacting business element under N.Y. C.P.L.R. § 302(a)(1), it must be shown that a party 'purposely availed [himself] of the privilege of conducting activities within New York and thereby invoked the benefits and protections of its laws . . . .'" D.H. Blair & Co.[ v. Gottdiener, 462 F.3d 95, 104 (2d Cir. 2006)] (quoting Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 787 (2d Cir. 1999)) (alterations in Bank Brussels Lambert). "To determine whether a party has 'transacted business' in New York, courts must look at the totality of circumstances concerning the party's interactions with, and activities within, the state." Id. (citation omitted).

(R&R (Dkt. No. 48) at 5)

Judge Netburn acknowledges that "[p]hysical presence is . . . not required for personal jurisdiction under CPLR § 302," but notes that a "non-resident defendant's contacts must nevertheless demonstrate that the defendant transacted business within the state." (Id. at 6 (emphasis omitted)) In this regard, Judge Netburn emphasizes that it is the quality – not the quantity – of such contacts that matters. (Id. (citing Parke-Bernet Galleries, Inc. v. Franklyn, 26 N.Y.2d 13, 17-18 (1970); Carlson v. Cuevas, 932 F. Supp. 76, 78-79 (S.D.N.Y. 1996); Deutsche Bank Sec., Inc. v. Mont. Bd. of Invs., 7 N.Y.3d 65, 71-72 (2006); and Fischbarg v. Doucet, 9 N.Y.3d 375, 380 (2007)))

Judge Netburn concludes that "Paxful fails to demonstrate that Lukkonen's contacts with New York were of sufficient quality to justify CPLR § 302 jurisdiction." (Id. at 7) In this regard, Judge Netburn notes that "[t]he only contact Lukkonen had with New York was responding to Paxful's messages asking for his bank and Bitcoin payment information so that he could be paid bonuses associated with the work that he performed in Estonia while working for Paxful's Estonian affiliate. This is not enough." (Id. (citing DirecTV Latin Am., LLC v. Park 610, LLC, 691 F. Supp. 2d 405, 420 (S.D.N.Y. 2010))) For similar reasons, Judge Netburn finds that Paxful has not shown that the exercise of personal jurisdiction comports with due process.

(Id. at 7-8 (citations omitted)) Accordingly, Judge Netburn recommends that Lukkonen's motion to dismiss be granted for lack of personal jurisdiction. (Id. at 8)

The R&R recites the requirement that the parties must file objections within fourteen days of service of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and that a "failure to file . . . timely objections will result in a waiver of those objections for purposes of appeal." (Id. at 9 (citations omitted); see also 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy [of a magistrate judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations. . . ."); Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.")) Despite clear warning that a failure to file objections would result in a waiver of judicial review, neither side filed objections to Judge Netburn's R&R.

Because neither side filed objections to Judge Netburn's R&R, the parties have waived judicial review. The Court has nonetheless reviewed Judge Netburn's R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Netburn's R&R will be adopted in its entirety, and Paxful's claims against Lukkonen will be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

**CONCLUSION**

For the reasons stated above, Judge Netburn's R&R is adopted in its entirety, Lukkonen's motion (Dkt. No. 34) is granted, and this case is dismissed without prejudice. The Clerk of Court is directed to terminate the motion (Dkt. No. 34), and to close this case.

Dated: New York, New York
September 28, 2022

SO ORDERED.

Paul G. Gardephe
United States District Judge